FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A 2007 SILVER MERCEDES CLK 350;<br>VIN: WDBTK56FX7F223233;<br>NEW MEXICO LICENSE PLATE DV243F | ) ) ) ) ) ) ) Case No. **23mr1194** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the District of New Mexico, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 – Offenses Committed Within Indian Country<br>18 U.S.C. § 113(a)(6) – Assault Resulting in Serious Bodily Injury | |

The application is based on these facts:

See attached Affidavit, submitted by SA Barragan and approved by AUSA Zach Jones.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Barragan, Adam Kyle, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephonically sworn and electronically signed *(specify reliable electronic means)*.

Date: June 12, 2023

*Judge's signature*

City and state: Albuquerque, New Mexico

John F. Robbenhaar, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>A 2007 SILVER MERCEDES CLK 350; VIN: WDBTK56FX7F223233; NEW MEXICO LICENSE PLATE DV243F | Case No.<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

1. I, Adam Kyle Barragan, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a 2007 Silver Mercedes CLK 350, described further in Attachment A (hereinafter referred to as "TARGET VEHICLE"), for evidence, instrumentalities, and contraband described further in Attachment B, concerning offenses committed within Indian Country in violation of 18 U.S.C. § 1153 and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the FBI's Albuquerque Field Office. I am currently assigned to the FBI's Violent Crime Task Force, a joint federal and local task force investigating violations of federal law involving violent criminal offenses committed in the Albuquerque area as well as Indian County offenses, such as homicide, assault, and sexual assault. I have been a Special Agent with the FBI since December 2022. I have received training in interviewing and interrogation techniques, arrest procedures, search and seizure, search-warrant applications, conducting physical surveillance, consensual monitoring, and electronic and physical surveillance procedures at the Federal

Bureau of Investigation Academy in Quantico, Virginia. I have received on-the-job training from other agents in the investigation of federal offenses, to include interference with federally protected activities and using and carrying a firearm during and in relation to a crime of violence. My investigative training and experience includes, but is not limited to, interviewing subjects, victims, and witnesses, and collecting evidence.

I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510; that is, I am an officer of the United States of America who is empowered to investigate and make arrests for offenses alleged in this warrant.

## PURPOSE OF AFFIDAVIT

4. Based on the facts set forth in this affidavit, there is probable cause to believe a violation of 18 U.S.C. § 1153, offenses committed within Indian Country, and 18 U.S.C. § 113(a)(6), assault resulting in serious bodily injury, have been committed by John Edward MERRICK, Year of Birth ("YOB") 1948. There is also probable cause to search a 2007 Silver Mercedes CLK 350, New Mexico license plate DV243F, registered to MERRICK that is currently located at 1552 Old Highway 66, Grants, New Mexico 87020 ("TARGET VEHICLE"), as described in Attachment A, for evidence, instrumentalities, contraband, and/or fruits of these crimes, further described in Attachment B.

5. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law-enforcement personnel and witnesses. I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary for the limited purpose of establishing probable cause to conduct a search. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended

to be a verbatim recitation of such statement. Furthermore, unless otherwise indicated, all statements contained in this Affidavit are summaries. The following is true to the best of my knowledge and belief.

## TERMINOLOGY

6. Based on my training and experience, as well as discussions with other experienced law-enforcement officers and witnesses, I have learned that:

   a. <u>Cellular telephone</u>: A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, cellular telephones now offer a broad range of capabilities. These capabilities include, but are not limited to, storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.

   b. Based on my training and experience as a law-enforcement officer, it is well-known that virtually all adults in the United States use mobile digital devices, like cellular phones. In a fact sheet from June 12, 2019, the Pew Research Center for Internet & Technology estimated that 96% of Americans owned at

        least one cellular phone, and that same 2019 report estimated that 81% of Americans use at least one smartphone.[1]

    c. In my training and experience, I know that providers of cellular-telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (*i.e.*, antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (*i.e.*, faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

## PROBABLE CAUSE

7. The United States, including the FBI, is conducting a criminal investigation of MERRICK regarding a possible violation of 18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury.

8. On May 22, 2023, around 5:00PM, FBI Agents were notified of a vehicle collision that occurred on Interstate 40 near mile marker 126. The collision occurred within the exterior boundaries of the Pueblo of Laguna and involved two cars. The TARGET VEHICLE, a 2007 silver Mercedes CLK 350, was driven by MERRICK. The second vehicle was a white

---

[1] Mobile Fact Sheet, https://www.pewresearch.org/internet/fact-sheet/mobile.

Ford Escape (hereinafter referred to as "VEHICLE 2") driven by T.F., YOB 1975, a member of the Pueblo of Laguna, hereinafter referred to as "Jane Doe 1." Jane Doe 1's daughter, A.F., YOB 2000, also a member of the Pueblo of Laguna, hereinafter referred to as "Jane Doe 2," was the passenger. All subjects in the collision were airlifted to University of New Mexico Hospital ("UNMH") for medical care due the extent of their injuries.

9. Police spoke with other eastbound drivers who observed MERRICK before the wreck driving the wrong way on Interstate 40, just prior to colliding with Jane Does 1 and 2. These other drivers were able to avoid MERRICK as he drove on the wrong side of the road for an unknown amount of time.

10. Law enforcement interviewed Jane Doe 1 on May 22, 2023. Jane Doe 1 stated she was driving on Interstate 40 around 4:00 to 4:30PM with Jane Doe 2. They were headed to Albuquerque to fix Jane Doe 2's phone. Jane Doe 1 had just gotten off work and picked up Jane Doe 2 from their house. Jane Doe 1 was traveling in the passing lane, next to the center median. As Jane Doe 1 was passing the train bridge, headed eastbound on Interstate 40, a car appeared out of nowhere going the wrong way (westbound). Jane Doe 1 does not recall the wreck. Her first memory after the wreck is to waking up and hearing screaming. Jane Doe 1 stated she was not drinking, had not used drugs, and was not on her phone at the time of the collision.

11. Law enforcement interviewed Jane Doe 2 on May 23, 2023. Jane Doe 2 stated that on the day of the wreck, she was leaving her house headed eastbound to Albuquerque to fix her phone. Jane Doe 1 was driving a white Ford Escape. Jane Doe 2 was in the passenger seat doing her makeup. They left the residence around 4:00PM because Jane Doe 1 got off work around 3:30PM. Jane Doe 2 recalled a silver car coming towards them, and then they crashed. Jane Doe 2 was not paying much attention prior to the crash.

12. On June 9, 2023, law enforcement interviewed MERRICK's daughter, S.M., YOB 1989, hereinafter referred to as "Witness 1." She confirmed that MERRICK has a cellular telephone, phone number 505-610-6522. After conducing database searches, it was determined the carrier associated with that phone number is Verizon Wireless.

13. On June 8, 2023, law enforcement obtained data from the electronic-data recorder (EDR) of Jane Doe 1's Ford Escape, which police previously removed from the car with the permission of Jane Doe 1. The EDR revealed Jane Doe 1 was travelling 70 miles per hour five seconds before the wreck; that she applied her brakes 2.5 seconds before the wreck; that she was travelling 60 miles per hour at impact; and that she was trying to steer left just before the collision.

14. Affiant has confirmed through New Mexico State Police that MERRICK's 2007 Mercedes has no EDR. A comparable data analysis is thus impossible.

## SUMMARY OF INJURIES SUSTAINED BY ALL PARTIES

15. On May 24, 2023, law enforcement interviewed medical staff caring for MERRICK at the hospital. The medical staff stated it appeared MERRICK sustained memory loss and was unable to recollect what occurred. MERRICK was also diagnosed with a stroke, but it cannot be determined if the stroke occurred before or after the wreck.

16. On May 23, 2023, law enforcement interviewed MERRICK's wife, C.M., YOB 1951, hereinafter referred to as "Witness 2." She confirmed that MERRICK had a medical appointment at the Veteran Affairs ("VA") Hospital (located at 1501 San Pedro Drive SE, Albuquerque, NM 87108) on the day of the collision. Witness 2 said MERRICK was driving the TARGET VEHICLE that day. Witness 1 said she did not think there was anything abnormal about MERRICK on the day of the collision; however, she does not know what MERRICK was doing on Interstate 40 near mile marker 126. During a subsequent phone conversation with

Witness 1, she indicated she was unclear whether MERRICK had his cellular telephone with him at the time of the collision.

17. Witness 2 said MERRICK is ordinarily a responsible and capable driver. Witness 2 confirmed MERRICK resides at 9627 Macallan Road NE, Albuquerque, NM 87109. She said Merrick had no reason to be in the vicinity of the wreck; she does not know why MERRICK was at the location of the wreck.

18. Law enforcement interviewed the doctor and nurse who saw MERRICK at the VA Hospital at around 1:30PM on the day of the collision. According to medical staff, MERRICK was treated in the urology department. The doctor and nurse who cared for MERRICK indicated nothing was abnormal at the time of his appointment. His vital signs were normal. MERRICK's primary care physician said MERRICK has a history of diabetes, high blood pressure, and has a growth in his brain that was being monitored. MERRICK also sustained a heart attack in 2018. MERRICK's primary care physician stated a stroke or heart attack is plausible due to his medical history.

19. MERRICK is still in the hospital because of injuries he sustained during the wreck. Affiant has not yet spoken with MERRICK. Hospital staff have confirmed that MERRICK has a cell phone with him in the hospital. It is unknown whether this is the same cell phone Witnesses 1 and 2 know him to carry.

20. As a direct result of this wreck, Jane Doe 1 sustained physical injuries, to include broken foot bones and rib fractures. Jane Doe 1 is still in the hospital.

21. As a direct result of this wreck, Jane Doe 2 sustained physical injuries, to include a broken tibia, broken fibula, and broken foot bones. Jane Doe 2 is still in the hospital. Doctors informed Jane Doe 2 that she faces months of rehabilitation before she can resume walking. Both Jane Doe 1 and 2 have follow-up surgeries scheduled in the future.

**CONCLUSION**

22. On May 22, 2023, MERRICK departed his home in northeast Albuquerque for a medical appointment in southeast Albuquerque. MERRICK appeared normal and lucid during that appointment. After that appointment, for reasons currently unknown to anyone, MERRICK travelled approximately 50 miles west of Albuquerque. This unscheduled detour culminated with MERRICK travelling westbound in the eastbound lanes of Interstate 40 near the Pueblo of Laguna.



23. Travelling the wrong way on the freeway, MERRICK struck a car driven by Jane Doe 1 in which Jane Doe 2 was a passenger. MERRICK's unlawful act of driving the wrong way on Interstate 40 threatened countless drivers, and ultimately caused serious bodily injury to both Jane Doe 1 and Jane Doe 2, both of whom remain hospitalized.

24. Through training and experience, Affiant knows drug and/or alcohol impairment can be a contributing factor to wrong-way car crashes. Affiant also knows that cell phones, which record and store location data and communication histories, can provide investigators with insight concerning where suspects have been, where they are going, and communications or internet searches that might have influenced their path of travel. It is for these reasons that Affiant seeks to search the TARGET VEHICLE for the items described in Attachment B.

25. There is probable cause to believe that evidence, fruits, and instrumentalities of this crime are currently stored in the items which are described in Attachment A of this affidavit. Rule 41 of the Federal Rules of Criminal Procedure authorizes the government to seize and retain evidence and instrumentalities of a crime for a reasonable time, and to examine, analyze, and test them.

26. Based on the forgoing, your affiant respectfully requests that the Court issue the proposed search warrant as there is probable cause to believe that 18 U.S.C. § 1153 - Offenses Committed within Indian Country and 18 U.S.C. § 113(a)(6) - Assault Resulting in Serious Bodily Injury has been violated, and that the evidence of these offenses, more fully described in Attachment B of this Application, are located in the TARGET VEHICLE, described further in Attachments A of this Application. Affiant respectfully requests this Court issue a search warrant for TARGET VEHICLE, authorizing the seizure and search for the items described in Attachments B.

27. I swear that this information is true and correct to the best of my knowledge. This affidavit has been reviewed by Assistant United States Attorney Zach Jones.

Respectfully submitted,

Barragan, Adam Kyle (AQ) (FBI)
Special Agent
Federal Bureau of Investigation

Electronically submitted and telephonically sworn to before me on June 10, 2023:

THE HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO

## ATTACHMENT A
PROPERTY TO BE SEARCHED

This warrant authorizes the search of the property identified as the TARGET VEHICLE, a silver 2007 Mercedes CLK 350, with New Mexico license plate number DV243F, Vehicle Identification Number (VIN) WDBTK56FX7F223233, registered owner John MERRICK, located at Route 66 Towing, 1552 Old Highway 66, Grants, NM 87020.

TARGET VEHICLE, in its current condition, is shown in the photographs below:





**ATTACHMENT B**
PROPERTY TO BE SEIZED BY THE GOVERNMENT

The items, information, and data to be seized from the locations described in Attachment A are fruits, evidence, information relating to, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 1153 - Offenses Committed within Indian Country and 18 U.S.C. § 113(a)(6) - Assault Resulting in Serious Bodily Injury, as described in the search warrant affidavit, including:

1. Collection of any electronic mobile devices such as cellular telephones, tablets, and other electronic devices located within the vehicle.

2. Any evidence of controlled substance, controlled substance analogue, or listed chemical or paraphernalia for the use or abuse of drugs or controlled substances.

3. Evidence of alcoholic drinks or containers.